SPARKS, receiver, *v.* MAYOR etc. OF MACON *et al.*

98   301
125   608
125   609
126   507
126   513

According to the principles ruled in the case of *Columbus Southern Railway Co.* v. *Wright, comptroller-general,* 89 *Ga.* 574, the act of December 24, 1890 (Acts of 1890-91, vol. 1, p. 152), "to make railroad companies subject to municipal taxation," is not violative of par. 1, sec. 2, art. 7 of the constitution.

April 6, 1896.  Argued at the last term.

Interventions.    Before Judge Griggs.    Bibb superior court.    August, 1895.

*Gustin, Guerry & Hall,* for plaintiff in error.

*Minter Wimberly, Anderson & Anderson, B. F. Whittington, C. C. Kibbee, Park.& Gerdine, A. W. Lane, Wm. Brunson* and *E. A. Cohen,* contra.

LUMPKIN, Justice.

This case, in principle, is controlled by the decision of this court in the case of *Wright* v. *Columbus Southern Railway Co.,* 89 *Ga.* 574, the opinion in which was very carefully prepared. The reasoning there is, to a large extent, applicable here, and need not be repeated. In that

case, the conclusion was reached that, for the purpose of distributing for taxation the unlocated personalty of the corporation among the several counties through which the railway ran, so as to subject this personalty to county taxation in proper proportions, the corporation might be treated as "residing *sub modo* in all the counties along its line of road; and therefore in one as much as in the other." We think it equally proper to treat the corporation, in so far as its track and road-bed are located within the limits of incorporated cities or towns, as residing *sub modo* in them. The track and road-bed outside these municipalities are "country" property which is not subject to city or town taxation. In other words, as to its realty situated outside of cities or towns, the corporation is a "rustic" person; and as to that inside of them, it is a "town" person. But certainly, if it "resides" in a county so far as its track and road-bed therein are concerned, it must be true that it in like manner "resides" in a city or town as to so much of its track and road-bed as lie within the municipality. A simple illustration will show to a demonstration that the act of December 24, 1890 (Acts of 1890-91, vol. 1, p. 152), so far as it relates to the taxation by municipalities of the unlocated personalty of these corporations, will operate justly, fairly and in perfect harmony with the views above presented.

Suppose that the taxable property of a railway company, which traversed only three counties, A., B. and C., in which were located, respectively, cities G. and H., and town L., all incorporated, was as follows:

|  | In A. | In B. | In C. |
|---|---|---|---|
| Value of track and road-bed. | $   244,800 | $   147,300 | $   98,000 |
| Value of other realty....... | 3,900 | 1,700 | 1,000 |
| Value of located personalty. | 2,000 | 1,000 | 300 |
|  | $   250,700 | $   150,000 | $   99,300 |

|                                  | In G.     | In H.     | In L.    |
|----------------------------------|-----------|-----------|----------|
| Value of track and road-bed.     | $  14,700 | $   9,800 | $  4,900 |
| Value of other realty .......    |     3,800 |       800 |      900 |
| Value of located personalty.     |     1,500 |       400 |      200 |
|                                  | $  20,000 | $  11,000 | $  6,000 |

Value of rolling-stock and all other unlocated personalty
   to be distributed among counties and municipalities
   for taxation.................................... ... .....$   100,000
The total value of all the company's located property
   will be..........................................   500,000
And the total value of its property located in the cities
   and town will be..................................   37,000

Pursuing the method pointed out on page 588 of the volume above cited, the third items of the several proportions below stated will disclose what amounts of the $100,-000 are taxable for the benefit, respectively, of county B., the three municipalities in the aggregate, and city G., city H. and town L. separately.    Thus:

| $150,000 | $500,000 | $ 30,000 | $100,000 |
|----------|----------|----------|----------|
| 37,000   | 500,000  | 7,400    | 100,000  |
| 20,000   | 500,000  | 4,000    | 100,000  |
| 11,000   | 500,000  | 2,200    | 100,000  |
| 6,000    | 500,000  | 1,200    | 100,000  |

It appears, therefore, that county B., which has within its borders $150,000 of located property, taxes $30,000 of the unlocated personalty; and that town L., with $6,000 of located property inside the corporation, which is 1-25 of $150,000, taxes $1,200 of the unlocated personalty, which is 1-25 of $30,000.   It also appears that the two cities and the town, having within their limits $37,000 in the aggregate of located property, will tax $7,400 of the unlocated personalty; and the correctness of the amount

last stated is verified by adding together $4,000, $2,200 and $1,200, the amounts upon which the municipalities, respectively, are entitled to have taxes assessed for their benefit, when taken separately.

This illustration is in a somewhat condensed form, but its meaning will be easily understood, if the figures used are given a proper examination. If, however, any difficulty in this respect should present itself, it will only be necessary to consult, in this connection, the opinion in the case above cited. The two cases, read together, will make the whole matter clear and intelligible; and the correctness of the decision made in the present case will, we think, be perfectly apparent.                    *Judgment affirmed.*